McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, New York 10167
(212) 609-6800 - Telephone
(212) 609-6921 - Facsimile
David J. Adler (DA-0048)
Georgia A. Mallan (GM-2596)
dadler@mccarter.com
Attorneys for Development Specialists, Inc.,
Plan Administrator for Coudert Brothers LLP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| COUDERT BROTHERS LLP, | Case No. 06-12226 (RDD) |
| Debtor. | |
| DEVELOPMENT SPECIALISTS, INC., in its capacity as Plan Administrator for Coudert Brothers LLP, | Adv Pro. No.: 09- |
| Plaintiff, | |
| v. | |
| DECHERT LLP, | |
| Defendant. | |

**COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF
FRAUDULENT TRANSFERS, (2) ACCOUNTING, (3) TURNOVER OF
PROPERTY OF THE ESTATE, (4) UNJUST ENRICHMENT,
<u>AND (5) RELATED RELIEF AGAINST DECHERT LLP</u>**

ME1 8348716v.1

Plaintiff Development Specialists, Inc. (the "Plan Administrator" or "Plaintiff"), in its capacity as Plan Administrator for Coudert Brothers LLP (the "Debtor"), brings this complaint against Dechert LLP ("Defendant" or "Dechert") and alleges as follows:

## INTRODUCTORY STATEMENT

1.  This is an action (a) to avoid and recover constructive fraudulent transfers made by the Debtor to Dechert in connection with the Paris Transaction (defined below); (b) to compel Dechert to provide an accounting; (c) to compel Dechert to turnover any profit received on account of any avoided transfer received from the Debtor; and (d) to compel Dechert to disgorge any sums by which it has been unjustly enriched on account of any avoided transfer received from the Debtor or on account of any unfinished business received from the Belgian Partners (defined below).

## PROCEDURAL BACKGROUND

2.  On September 22, 2006 (the "Petition Date"), the Debtor filed in this Court a voluntary petition for relief under chapter 11 of title of the United States Code (the "Bankruptcy Code").

3.  By Order dated August 27, 2008 (ECF Doc. #878), this Court confirmed the First Amended Plan of Liquidation of Coudert Brothers LLP dated May 9, 2008 (as modified) (the "Plan"; ECF Doc. #693).

4.  The Effective Date of the Plan occurred on September 8, 2008 (ECF Doc. #894). Pursuant to Section 5.2 of the Plan, on the Effective Date, the Plan Administrator is the exclusive representative of the estate under Section 1123(b)(3)(B) of the Bankruptcy Code and is authorized to "assert, prosecute, pursue … all Claims, Causes of Action and actions to collect the

2

Receivables, including against Non-Participating Partners, and assert and enforce all legal and equitable remedies and defenses belonging to the Debtor or its Estate …"

5. Under Section 1.16 of the Plan, Claim means:

(a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed undisputed, secured, or unsecured.

6. Under Section 1.14 of the Plan, "Causes of Action" means

any and all Claims, rights, actions, chose in action, suits, causes of action, liens, judgments and damages belonging to the Debtor or its Estate and any and all liabilities, obligations, covenants, undertakings and debts owing to the Estate, whether arising prior to or after the Petition Date and in each case whether known or unknown, in law, equity or otherwise, including without limitation Receivables, Recourse Claims, actions to collect Reconciliation Amounts and those Claims and actions to avoid or recover pre-petition or post-petition transfers of money or property pursuant to applicable bankruptcy and nonbankruptcy law (including rights and remedies arising under Chapter 5 of the Bankruptcy Code).

7. Under Section 5.2 of the Plan, the Plan Administrator is authorized to assert the Claims and Causes of Action set forth herein.

**PARTIES**

8. The Plan Administrator is Development Specialists, Inc. with an office at Three First National Plaza, 70 West Madison Street, Suite 2300, Chicago, Illinois 60602-4250.

9. Upon information and belief, Dechert is a law firm with offices at 4000 Bell Atlantic Tower, 1717 Arch Street, Philadelphia, Pennsylvania 19103.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this proceeding under chapter 11 of the Bankruptcy Code, pursuant to 28 U.S.C. §§151, 157 and 1334.

3

11. Plaintiff commences this adversary proceeding pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Sections 541, 542, 544, 548 and 550 of the Bankruptcy Code and NYDCL §§273-75, 277-78.

12. Venue in this Court is proper, pursuant to 28 U.S.C. §§ 1408 and 1409, because this adversary proceeding arises under and in connection with a case pending in this District under the Bankruptcy Code.

13. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(H).

## GENERAL FACTUAL ALLEGATIONS

**A.  History Of The Debtor**

14. Upon information and belief, the Debtor was an international law firm founded in 1857. Upon information and belief, the Debtor firm had at least 28 offices worldwide at its peak.

15. Upon information and belief, the Debtor maintained at least 23 offices as of February 11, 2004:

16. Upon information and belief, as a result of the decline in profits per partner, in or about 2004, the Debtor began considering potential strategic alternatives.

17. At some point in 2005, the Executive Board of the Debtor requested that an orderly dissolution analysis be prepared. On or about June 9, 2005, the Executive Board received the orderly dissolution analysis which projected a deficit of approximately $30.4 million.

18. Upon information and belief, as of June 9, 2005, the Debtor owed approximately $24.5 million to its secured creditors (Citibank and JP Morgan) and approximately $3 million in unsecured bank loans.

4

19. At a meeting of Partners held on or about August 16, 2005, the Equity Partners of the Debtor voted to wind down the Debtor (the "Winddown").

**B.      Transfer Of Unfinished Business To Dechert**

20. Following the decision to Winddown, certain partners of the Debtor who were resident in the Brussels office joined Dechert (the "Belgian Partners").

21. The Debtor's books and records reflect significant unpaid accounts receivables and work in process for matters in which one of the Belgian Partners was the Responsible Partner as follows:

| Partner | Office | A/R | WIP | Total |
|---|---|---|---|---|
| Deltour, Eric Paul | Brussels | $1,427,069.96 | $347,328.75 | $1,774,398.71 |
| Gonne, Rene Henri | Brussels | $226,389.78 | $37,092.57 | $263,482.35 |
| Louis, Pierre-Manuel | Brussels | $0.00 | $0.00 | $0.00 |
| Minjauw, Harold I.G. | Brussels | $19,835.51 | $42,954.79 | $62,790.30 |
| Mourlon Beernaert, Fabrice | Brussels | $137.78 | $14,622.96 | $14,760.74 |
| **Dechert LLP Total** | | **$1,673,433.03** | **$441,999.07** | **$2,115,432.10** |

22. Following the withdrawal from the Debtor, the Belgian Partners transferred certain unfinished business of the Debtor to Dechert.

**C.      Paris Transaction**

23. Pursuant to that certain asset purchase agreement dated on or about October 3, 2005 (the "Asset Purchase Agreement") (the "Effective Date"), the following assets relating to the Debtor's practice in Paris, France (the "Paris Practice") were transferred by the Debtor and Coudert Freres to Dechert (the "Paris Transaction"): (a) accounts receivable and work in process created, billed or billable by the Paris office of the Debtor with respect to services rendered and disbursements incurred through October 5, 2005 (the "Paris Withdrawal Effective Date") and the proceeds of such accounts receivable and work in process (the "Paris WIP and AR"); (b) the sum of $400,000 to cover certain expenses; (c) the U.S. dollar equivalent of EUR 201,866 (at the

5

exchange rate effective October 4, 2005); (d) the sum of $500,000 to be held in escrow until the first anniversary of the Paris Withdrawal Effective Date; (e) the right to occupy (with Coudert Freres) the Coudert Freres office in Paris, to use office equipment in this office and to have access to telecommunications facilities (collectively, the "Paris Transition Facilities") until January 2, 2006; and (f) the contents of the law library in Coudert Freres' office in Paris (collectively items (a) through (f) are referred to herein as the "Paris Transfer" or the "Transferred Assets").

24. In exchange for the Transferred Assets, Dechert agreed: (a) to make offers of employment to all associate lawyers then employed by Coudert Freres in Paris; (b) to assume all obligations of Coudert and Coudert Freres accruing after the Paris Withdrawal Effective Date with respect to the remuneration and benefits of specified employees of Coudert Freres; (c) to pay Coudert Freres $248,204 in consideration of the Paris Transition Facilities; and (d) to pay Coudert Freres 50,000 euro for the contents of the Coudert Freres law library.

## FIRST CLAIM FOR RELIEF
## FRAUDULENT TRANSFER (11 U.S.C. §548(a)(1)(B))

25. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

26. Dechert received the Transferred Assets from the Debtor.

27. Dechert received the Transferred Assets within two years prior to the Petition Date.

28. The Debtor received less than reasonably equivalent value in exchange for the Transferred Assets.

29. At the time the Paris Transfer was made, the Debtor: (i) was insolvent, or rendered insolvent; (ii) was engaged in business or a transaction, or was about to engage in such

6

business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital, or (iii) intended to incur debts that would be beyond the ability of the Debtor to pay as such debts matured.

30. Plaintiff is entitled to judgment against Dechert avoiding the Paris Transfer pursuant to Section 548(a)(1)(B) of the Bankruptcy Code along with such other and further relief as may be deemed just and proper.

## SECOND CLAIM FOR RELIEF
## FRAUDULENT TRANSFER (NYDCL §§273-75, 277-78)

31. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

32. The Debtor made the Paris Transfer to Dechert on or within four years before the Petition Date.

33. The Debtor made the Paris Transfer to Dechert without receiving fair consideration in exchange.

34. At the time the Paris Transfer was made, the Debtor: (i) was insolvent, or rendered insolvent; (ii) was engaged in business or a transaction, or was about to engage in such business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital, or (iii) intended to incur debts that would be beyond the ability of the Debtor to pay as such debts matured.

35. Upon information and belief, there is a creditor of the Debtor who holds an unsecured claim that is allowable under Section 502 of the Bankruptcy Code at the time that the Paris Transfer was made.

36. Plaintiff is entitled to judgment against Dechert avoiding the Paris Transfer pursuant to NYDCL §§273-75, 277-78 <u>et al</u>. and Section 544 of the Bankruptcy Code along with such other and further relief as may be deemed just and proper.

### THIRD CLAIM FOR RELIEF
### <u>RECOVERY OF PROPERTY  (11 U.S.C. § 550)</u>

37. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

38. Dechert is the initial transferee of the Paris Transfer, or the entity for whose benefit the Paris Transfer was made, or the immediate transferee of the initial transferee receiving the Paris Transfer and exercised legal dominion and control over the Transferred Assets.

39. Upon information and belief, Dechert received the Paris Transfer with knowledge of the voidability of the transfer.

40. The Transferred Assets are property of the Debtor's estate.

41. The Paris Transfer, or the value thereof, are and should be preserved for the benefit of the Debtor's estate.

42. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to judgment against Dechert, as the initial transferee in an amount to be determined at trial, with prejudgment interest thereon at the legal rate, attorneys' fees, expenses and costs along with such other and further relief as may be deemed just and proper.

### FOURTH CLAIM FOR RELIEF
### <u>ACCOUNTING (11 U.S.C. §542)</u>

43. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

8

44. Upon information and belief, at the time the Belgian Partners withdrew from the Debtor or thereafter, certain unfinished business ("<u>Unfinished Business</u>") of the Debtor was transferred to Dechert following the Brussels Transaction.

45. Upon information and belief, Dechert has collected revenues in the past and will collect revenues in the future relating to the Unfinished Business of the Debtor. Pursuant to NYPL §§40, 43, the profits from this revenue are held in trust for the Debtor and are to be paid over to Plaintiff for the benefit of the estate.

46. The amount of profits is unknown to Plaintiff and cannot be ascertained without an accounting of profits from the Defendant on account of the Unfinished Business of the Debtor.

47. The Defendant has information (including books and accounts) which will reveal the profits on account of the Unfinished Business of the Debtor.

48. Pursuant to Section 542 of the Bankruptcy Code, Plaintiff is entitled to judgment against Defendant compelling Dechert to produce an accounting along with such other and further relief as may be deemed just and proper.

**FIFTH CLAIM FOR RELIEF**
**<u>TURNOVER OF PROFITS RELATED TO UNFINISHED BUSINESS</u>**

49. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

50. Upon information and belief, at the time the Belgian Partners withdrew from the Debtor or thereafter, Unfinished Business of the Debtor was transferred to Dechert.

51. Upon information and belief, Dechert has collected revenues in the past and will collect revenues in the future relating to the Unfinished Business of the Debtor. Pursuant to

9

NYPL §§40, 43, the profits from this revenue are held in trust for the Debtor and are to be paid over to Plaintiff for the benefit of the estate.

52. The profits of the Debtor's Unfinished Business held by Dechert are property of the Debtor's bankruptcy estate.

53. Plaintiff is entitled to an order, pursuant to Sections 541 and 542 of the Bankruptcy Code, compelling Dechert to turnover the profits on account of any Unfinished Business, with prejudgment interest thereon at the legal rate, attorneys' fees, expenses and costs along with such other and further relief as may be deemed just and proper.

### SIXTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT

54. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

55. Upon information and belief, Dechert received a benefit as a result of the transfer of the Unfinished Business of the Debtor.

56. It is inequitable and unjust for Dechert have received, been enriched by, and retained benefits in connection with the transfer of Unfinished Business.

57. Equity and good conscience require that Dechert disgorge monies and/or benefits improperly obtained in connection with the transfer of Unfinished Business.

58. Plaintiff is entitled to judgment against Dechert in an amount to be determined at trial, with prejudgment interest thereon at the legal rate, attorneys' fees along with such other and further relief as may be deemed just and proper.

### RESERVATION OF RIGHTS

The Plaintiff hereby specifically reserves the right to bring any and all other causes of action that it may maintain against Dechert including, without limitation, causes of action arising

10

out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by the Plaintiff reveals such further causes of action. In addition, Plaintiff has moved to intervene in an action entitled <u>Retired Partners of Coudert Brothers LLP v. Deltour, et al.</u>, Adv. No. 08-1215 (RDD) and it is the position of the Plaintiff that the claims asserted therein are property of the estate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests entry of judgment in favor of Plaintiff and against the Defendant as follows:

a.  On the First Claim for Relief, for avoidance of transfers received by Dechert in an amount to be determined at trial;

b.  On the Second Claim for Relief, for avoidance of transfers received by Dechert in an amount to be determined at trial;

c.  On the Third Claim for Relief, for recovery against Dechert for the transfers avoided under Section 550 of the Bankruptcy Code in an amount to be determined at trial;

d.  On the Fourth Claim for Relief, for an accounting by Dechert as to monies and/or profits that have been misappropriated by Dechert on account of the Debtor's unfinished business;

e.  On the Fifth Claim for Relief, for turnover of property determined to have been misappropriated by Dechert on account of the Debtor's unfinished business;

f.  On the Sixth Claim for Relief, for recovery against Dechert on account of any amounts by which Dechert has been unjustly enriched in an amount to be determined at trial;

g.  Disallowing any claims of the Defendant against the Debtor if the Defendant fails or refuses to turn over any avoided transfer to the Plaintiff;

h.  Awarding the Plaintiff any and all pre-judgment interest at the legal rate;

i.  Awarding the Plaintiff reasonable attorneys' fees, expenses and costs; and

j.  Granting such other and further relief deemed appropriate under the circumstances.

Dated: New York, New York
April 3, 2009

                                                    McCARTER & ENGLISH, LLP

Attorneys for Development Specialists, Inc., Plan Administrator for Coudert Brothers LLP

/s/ David J. Adler
David J. Adler  (DA-0048)
245 Park Avenue
27th Floor
New York, New York 10167
(212) 609-6800 – Telephone
(212) 609-6921 – Facsimile